Justin Farahi (State Bar No. 298086)
Raymond M. Collins (State Bar No. 199071)
FARAHI LAW FIRM, APC
22760 Hawthorne Boulevard, Suite 230
Torrance, California 90505
Telephone: (310) 774-4500
Fax: (424) 295-0557
Email:
justin@farahilaw.com;
raymond@farahilaw.com

Attorneys for Plaintiff,
ALEXANDER FOROUZESH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ALEXANDER FOROUZESH, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

CVS PHARMACY, INC., a foreign business corporation; and DOES 1-25 inclusive

Defendants

**CASE NO.:**

**CLASS ACTION COMPLAINT FOR:**

1. **Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);**
2. **Violation of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*);**
3. **Violation of Consumers Legal Remedy Act (Cal. Civ. Code §§ 1750 *et seq.*); and**
4. **Breach of Express Warranty**

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiff Alexander Forouzesh ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant CVS PHARMACY, INC. COMPANY ("CVS Pharmacy"), and DOES 1-25(collectively "Defendants") and states:

FARAHI LAW FIRM, APC

FARAHI LAW FIRM, APC

**NATURE OF ACTION**

1. Defendants distributes markets and sells sunscreen products with an SPF of 100+ ("CVS" or "CVS Sport SPF 100+ Product").

2. The SPF value indicates the level of sunburn protection provided by the sunscreen product. All sunscreens must be tested according to a SPF test procedure. The test measures the amount of ultraviolet (UV) radiation it takes to cause sunburn when a person is using a sunscreen in comparison to how much UV exposure it takes to cause a sunburn when they do not use a sunscreen. The product is then labeled with the appropriate SPF value indicating the amount of sunburn protection provided by the product. Because SPF values are determined from a test that measures protection against sunburn caused by ultraviolet B (UVB) radiation, SPF values only indicate a sunscreen's UVB protection

3. Consumers have become familiar with SPF values because SPF values have appeared on sunscreen product labels for many decades. Consumers have learned to associate higher SPF values with greater sun protection. Consumers reasonably assume that a product with a SPF of 100+ (like CVS Sport 100+ Product Sunscreen) provides more UVB protection than that of another sunscreen product with a SPF lower than 100. It does not. Rather, the product provides an SPF 26 protection. In fact, the CVS Sport 100+ product provides none of the protection that the labels on the containers claim to provide.

4. Defendants deception carried onto the CVS website in which Defendants claim, "CVS Sport 100+ Product is equipped with Board-Spectrum UVA and UVB protection".

5. Defendants were aware, or should have been aware, for years that CVS Sport 100+ sunscreen product does not contain the UV protection that the Defendants advertise, leading the Plaintiff and Class members to trust on a product, which contains inaccurate and significantly inflated SPF number that does not perform as advertised.

6. Defendants have employed numerous methods to convey its uniform, deceptive UVB protection claims to consumers, including advertising inserts, the internet and, importantly, on the CVS Sport 100+ products labels where they cannot be missed by

FARAHI LAW FIRM, APC

consumers. The stated SPF value is the most pertinent information on a sunscreen label. The information on the labels of CVS Sport 100+ are false and misleading, and have deceived the public.

7. The only reason a consumer would purchase a product from the premium priced CVS Sport 100+ products instead of less expensive, lower SPF value but otherwise comparable sunscreen products, including the CVS products, is to obtain a sunscreen product with a proportionally greater sunburn protection, which the CVS Sport 100+ products do not provide. With notice and knowledge of its product misrepresentations or omissions, Defendants have not offered to compensate its customer to remedy their damages.

8. Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased the CVS Sport 100+ product to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased this product.

**PARTIES**

9. Plaintiff Alexander Forouzesh resides in Los Angeles, California. In or around November 2016, Plaintiff was exposed to and saw Defendants superior UVB protection claims by reading the CVS Sport 100+ Sunscreen Spray label. In reliance on the superior UVB protection claim, Plaintiff purchased CVS Sport 100+ Sunscreen Spray at a CVS, near his home in the Los Angeles, California area. He paid approximately $9.99 for the product that would allow his niece and nephews to run around outside and be protected from harmful UVB rays. The CVS Sport 100+ Sunscreen Spray Plaintiff purchased did not provide proportionally greater sunburn protection as represented. As a result, Plaintiff suffered injury and lost money. Had Plaintiff known the truth about Defendants misrepresentations and omissions, he would not have purchased CVS Sport 100+ Sunscreen Spray.

///

///

10. Defendants CVS Pharmacy is a business corporation headquartered in Woonsocket, Rhode Island. From its headquarters in Rhode Island, CVS Pharmacy manufactures, distributes, markets and/or sells the CVS Sport 100+ products to consumers nationwide and created the superior UVB protection claims, which it caused to be disseminated to consumers nationwide.

11. The true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names pursuant to Federal Rule of Civil Procedure 15(a) (2). Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiff's damages alleged were proximately caused by those Defendants. Plaintiff will seek permission of this Court to amend this Complaint to show such true names and capacities when they have been determined. Each reference in this Complaint to "Defendant," "Defendants" or a specifically named Defendants shall include reference to all Defendants, including fictitiously named Defendants, unless the context indicates otherwise.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, together with most members of the proposed class, are citizens of states different from Defendants. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California, resides in this District, and purchased a CVS Sport 100+ Product from Defendant in this District. Additionally, Defendants distributed, advertised, and sold its product, which is the

FARAHI LAW FIRM, APC

subject of the present complaint, in this District.

14. Defendants CVS Pharmacy, Inc. is a foreign business corporation headquartered in Woonsocket, Rhode Island. From its headquarters in Rhode Island, CVS Pharmacy, Inc. manufactures, distributes, markets and/or sells the CVS Sport 100+ products to consumers nationwide and created the superior UVB protections claims, which it caused to be disseminated to consumers nationwide.

## FACTUAL ALLEGATIONS

15. Defendants distribute, market, and sell a variety of products for the skin and fact. This lawsuit concerns the CVS Sport SPF 100+ product, a line of sunscreen products labeled with SPF of 100+. The CVS Sport SPF 100+ product is sold online and at CVS retail locations.

16. Since launching the CVS Sport SPF 100+ products, Defendants have consistently conveyed the message to consumers throughout the United States, including California, that the CVS Sport SPF 100+ products provides superior UVB protection compared to comparable lower SPF valued products, including the CVS Sport SPF 100+ Products. They do not. Defendant superior UVB protection claims are false, misleading and deceptive.

17. In November 2016, a 6oz. bottle of CVS Sport SPF 100+ sunscreen was purchased by Plaintiff. The following is the product purchased.

**CVS Sport SPF 100+ Purchase by Plaintiff**

**Fig.1 Front of Tube Detail** **Fig.2 Back of Tube Detail**

18. As clearly illustrated by Figure 1, the bottle indicates that the content it contains has UVA/UVB Protection in the form of sunscreen lotion with "Broad Spectrum SPF 100+". In addition, the back of the container also states that its content is "quick and easy no-rub coverage with broad-spectrum protection for people with active lifestyles".

19. The back of the container states, "if used as directed with other sun protective measures decreases the risk of skin cancer and early skin aging caused by the sun"; however, the level of SPF the product tested for puts it just above the minimum level of SPF recommended. (see Fig. 2)

20. The purchase was conducted by Plaintiff, on the assumption that the product contained the advertised SPF level of protection. Plaintiff, under reasonable belief, decided to purchase the product. Had Plaintiff known the product did not contain the advertised SPF level, he would not have purchased the sunscreen.

21. Plaintiff sustained injury through his purchase of the CVS Pharmacy SPF 100+ sunscreen as he was deceived into purchasing a product based on the Defendants claim that the product provided superior UVB protection compared to less expensive, lower SPF value. **See Consumer Report Research of CVS Health Sport SPF 100+ Sunscreen.** Further, independent testing done by Plaintiff on Defendant's Product confirms that the Product fails to meet the advertised SPF value claimed by Defendant.

22. A sunscreen's SPF value is calculated by comparing the time needed for a person to burn unprotected with how long it takes for that person to burn wearing sunscreen. So, a person who turns red after 20 minutes of unprotected sun exposure is theoretically protected 15 times longer if they adequately apply SPF 15. Importantly, the SPF rating system is non-linear. Also, importantly, scientific studies establish that sunscreen products with SPF values over 50 provide no additional clinical benefit to consumers. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers.

///

FARAHI LAW FIRM, APC

23. Defendants have not advised either Plaintiff or putative members of the Classes that their sunscreen products do not contain the UV protection that Defendants otherwise advertised, allowing the Plaintiff and Class members to depend on the effectiveness of the product based upon a false and inflated SPF

24. Defendants partook in the above-described actionable statement, omissions and concealment that the representations were false and/or misleading, and with the intent that rely upon such concealment, suppression and omissions.

**CLASS DEFINITION AND ALLEGATIONS**

25. This action is brought and may be properly maintained as a class action under the provisions of the Federal Rules of Civil Procedures Rule 23 (a)(1)-(4) and 23(b)(1), b(2) or (b)(3). This action satisfies the community of interest, numerosity, ascertainability, typicality, adequacy, superiority and common questions of law and fact requirements of those provisions. It seeks certification of the following Classes:

> All consumers who purchased a product in the CVS Sport SPF 100+ product line, within the applicable statute of limitations, for personal use until the date notice is disseminated.

> All California consumers who purchased a product in the CVS Sport SPF 100+ product line, within the applicable statute of limitations, for personal use until the date notice is disseminated.

> Excluded from this Class are Defendants and its officers, directors and employees and those who purchased a Product in the CVS Sport SPF 100+ product line for the purpose of resale.

26. ***Community of Interest***. There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

///

FARAHI LAW FIRM, APC

27. ***Numerosity***. The members of the Classes are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Classes contains thousands of purchasers of the CVS Sport SPF 100+ products who have been damaged by Defendants conduct as alleged herein. The precise number of the members Classes are unknown to Plaintiff.

28. ***Ascertainability***. Names and addresses of members of the Classes are available from Defendants records. Notice can be provided to the members of the Class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

29. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia*, all members of the Classes were injured through the uniform misconduct described above and were subject to Defendants deceptive superior UVB protection claims that accompanied each and every product in the CVS Sport SPF 100+ products. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Classes.

30. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Classes, Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Classes.

31. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from

FARAHI LAW FIRM, APC

FARAHI LAW FIRM, APC

the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

32. ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

(a) whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b) whether Defendants alleged conduct violates public policy;

(c) whether the alleged conduct constitutes violations of the laws asserted;

(d) whether Defendants engaged in false or misleading advertising;

(e) whether Plaintiff and members of the Classes have sustained monetary loss and the proper measure of that loss; and

(f) whether Plaintiff and members of the Classes are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

33. The Classes also may be certified because Defendants has acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

34. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Classes, on grounds generally applicable to the entire Classes, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and Classes' members.

///

///

35. Unless the Classes are certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and Classes' members. Unless Classes-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Classes and the general public will continue to be misled.

**COUNT I**

**Violation of Business & Professions Code §17200, *et seq.***

36. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the Classes.

38. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased a product from the CVS Sport SPF 100+ products in reliance on Defendants UVB protection claims, but did not receive a product that provides superior UVB protection as compared to comparable lower valued SPF products, including the CVS Sport products.

39. The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the UVB protection claims (which also constitutes advertising within the meaning of §17200 and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

40. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants conduct because she purchased a product from the CVS Sport SPF 100+ products in reliance on Defendants UVB protection claims but did not receive a product that provides superior UVB protection as compared to comparable lower valued SPF products, including the CVS Sport products.

///

41. The Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent "or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the UVB protection claims (which also constitutes advertising within the meaning of §17200 and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

42. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants conduct because he purchased a product from the CVS Sport 100+ products in reliance on Defendants UVB protection claims but did not receive a product that provides superior UVB protection as compared to comparable lower valued SPF products, including the CVS Sport 100+ products.

43. The UCL prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the UVB protection claims (which also constitutes advertising within the meaning of §17200 and omissions of material facts, as set forth more fully herein, and violating Civil Coder §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

44. Plaintiff and the Classes reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

45. Defendants actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in false advertising, misrepresented and omitted material facts regarding the CVS Sport SPF 100+ product, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

FARAHI LAW FIRM, APC

46. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California, resulting in harm to consumers. Defendants acts, and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, et seq.

47. There were reasonably available alternatives to further Defendants legitimate business interests, other than the conduct described herein.

48. Business & Professions Code §17200, et seq. also prohibits any "fraudulent business act or practice."

49. Defendants actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

50. Plaintiff and other members of the Classes have in fact been deceived as a result of their reliance on Defendants material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased a Product from the CVS Sport SPF 100+ line. Plaintiff and the other Classes' members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

51. As a result of its deception, Defendants has been able to reap unjust revenue and profit.

52. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

///

///

///

///

53. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**

**Violation of Business & Professions Code §17500, *et seq.***

54. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the Classes.

56. California Business and Professions Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

57. Defendants violated California Business and Professions Code section 17500 by, by advertising that the CVS Sport SPF 100+ products provide superior UVB protection compared to comparable lower SPF valued products, including the CVS Sport SPF 100+ products.

58. In fact, Defendants representation regarding the CVS Sport SPF 100+ products were false. The CVS Sport SPF 100+ products do not provide superior UVB protection as compared to comparable lower valued SPF products.

59. Defendants deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase the CVS Sport SPF 100+ products over those of their competitors.

60. Plaintiff and members of the Classes would not have purchased and used the CVS Sport SPF 100+ products had it not been for Defendants misrepresentations and concealment of material facts.

61. The content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.

///

62. Defendants knew, or in the exercise of reasonable care, should have known, that the representations were untrue or misleading and likely to deceive reasonable consumers.

63. Defendants misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions may therefore be presumed as a matter of law. The materiality of such representations and omissions also establishes causation between Defendants conduct and Plaintiff and the members of the Classes' injuries.

64. Unless restrained by this Court, Defendants will continue to engage in misleading advertising, as alleged above, in violation of California Business and Professions Code section 17500.

65. As a result of the foregoing, Plaintiff and members of the Classes have been injured in fact and lost money or property, and they are entitled to restitution and injunctive relief.

**COUNT III**

**Violations of the Consumers Legal Remedies Act –**

**Civil Code §1750 *et seq.***

66. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

67. Plaintiff brings this claim individually and on behalf of the Classes.

68. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act"). Plaintiff is a "consumer" as defined by California Civil Code §1761(d). The products in the CVS Sport SPF 100+ line is "goods" within the meaning of the Act.

69. Defendants violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the CVS Sport SPF 100+ line:

(5) Representing that [the Products] have . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . ..

* * *

(7) Representing that [the Products] are of a particular standard, quality or grade . . . if [they are] of another.

* * *

(9) Advertising goods . . . with intent not to sell them as advertised.

* * *

(16) Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

70. Defendants violated the Act by representing and failing to disclose material facts on the CVS Sport SPF 100+ collection labeling and packaging and associated advertising, as described above, when they knew, or should have known, that the representations was false and misleading and that the omissions were of material facts they were obligated to disclose.

71. Under section 1782 of the CLRA, Plaintiff notified Defendants in writing in January of 2018 of the particular violations of section 1770 of the CLRA and demand that Defendants rectify the problems associated with the behavior detailed above, which acts, and practices are in violation of California Civil Code section 1770. Defendants refused to do so.

72. If Defendants fail to respond adequately to Plaintiff s above-described demand within 30 days of Plaintiff s notice, under California Civil Code section l 782(b), Plaintiff will amend the Complaint to request damages and other relief permitted by California Civil Code section 1780.

73. Plaintiff also has filed a Declaration of Venue in accordance with Civil Code section 1780(d).

///

FARAHI LAW FIRM, APC

74. Under Section 1782(d) of the CLRA, Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

75. Defendants conduct is malicious, fraudulent, and wanton, and intentionally misleads and withholds material information from consumers in order to increase the sale of the CVS Sport SPF 100+ products.

76. Defendants misrepresentations and omissions were material Plaintiff and members of the Class. Plaintiff and members of the Classes would not have purchased and used the CVS Sport SPF 100+ products had it not been for Defendants misrepresentations and concealment of material facts. Plaintiff and members of the Classes were damaged as a result of Defendants material misrepresentations and omissions.

**COUNT IV**

**Breach of Express Warranty**

77. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

78. Plaintiff brings this claim individually and on behalf of the Classes.

79. The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

80. At all times, California and other states have codified and adopted the provisions in the Uniform Commercial Code governing the express warranty of merchantability.

81. As discussed above, Defendants expressly warranted on each and every product label in the CVS Sport SPF 100+ line that the products provide proportionally greater UVB protection than comparable, lower SPF valued products, including the CVS Sport SPF 100+ products. The superior UVB protection claims made by Defendants are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods

FARAHI LAW FIRM, APC

FARAHI LAW FIRM, APC

would conform to the stated promise. Plaintiff placed importance on Defendants representations.

82. All conditions precedent to Defendants liability under this contract have been performed by, Plaintiff and the Classes.

83. Defendants were provided notice of these issues by, inter *alia*, the instant Complaint.

84. Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Classes by not providing a product that provides superior UVB protection as represented.

85. As a result of Defendants breach of its contract, Plaintiff and the Classes have been damaged in the amount for the price of the Products they purchased.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Classes as requested herein;

B. Awarding Plaintiff and the proposed Class member's damages;

C. Awarding restitution and disgorgement of Defendants revenues to Plaintiff the proposed Class members;

D. Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and require Defendants to Identify, with Court supervision, victims of its conduct and pay the money they are required to pay;

E. Ordering Defendants to engage in a corrective advertising campaign;

F. Awarding attorney's fees and costs; and

G. Providing such further relief as may be just and proper.

///

///

///

Dated: May 15, 2018

FARAHI LAW FIRM, APC

By: ______________________

Justin Farahi
Raymond M. Collins
Attorneys for Plaintiff,
Alexander Forouzesh

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: May 15, 2018

FARAHI LAW FIRM, APC

By: ______________________

Justin Farahi
Raymond M. Collins
Attorneys for Plaintiff,
Alexander Forouzesh